Argued and submitted November 13, affirmed December 16, 1992

DEPARTMENT OF LAND CONSERVATION
AND DEVELOPMENT,
*Respondent,*

*v.*

COLUMBIA COUNTY,
*Petitioner.*

(LUBA 92-073; CA A76896)

843 P2d 996

John K. Knight, Columbia County Counsel, St. Helens, argued the cause and filed the brief for petitioner.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Columbia County seeks review of LUBA's decision that an amendment to the county's zoning ordinance violates several applicable state statutes and regulations. The general thrust of the amendment is to allow the partition of lots in certain resource zones if two or more dwellings are located on any such lot as a nonconforming use. The partitions would not require the application of the approval standards and other requirements for uses on resource land under the state and corresponding local provisions. The general thrust of the county's defense of the amendment is that divisions of resource land do not establish new uses, independently of the dwellings that the land surrounds, and statutory and regulatory approval standards therefore have no application. That general argument is wrong, *see* ORS 215.263; *1000 Friends of Oregon v. LCDC*, 72 Or App 443, 696 P2d 550, *rev den* 299 Or 584 (1985), and LUBA correctly rejected it. LUBA was also correct in rejecting the county's more specific arguments, which warrant no discussion by us.

LUBA's disposition was to affirm the amendment in part and to remand it in part. The basis for the partial affirmance was that, although the Department of Land Conservation and Development (DLCD) appealed from the adoption of the amendment as a whole, its assignments pertained to less than all of its provisions. The basis for a remand rather than an outright reversal of the parts of the amendment that LUBA held to be invalid is not apparent to us.

DLCD does not argue that LUBA's disposition is wrong in those particulars, so our concerns will not affect our disposition. We nevertheless state them, because they may have some bearing on subsequent events. The parts of the amendment that DLCD did not challenge *may* acquire validation by virtue of ORS 197.625, independently of LUBA's decision. However, LUBA accepted all of the bases for DLCD's challenge and affirmed nothing. The partial affirmance appears inconsistent and should not have been included in its disposition. Under our reading of LUBA's opinion, the parts of the amendment that DLCD did challenge were correctly held to be wholly invalid. Consequently, we

also question why LUBA remanded the case instead of reversing the county ordinance.

Affirmed.